UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

WILLIAM EVANS,

        Petitioner,

            – against –

UNITED STATES OF AMERICA,

        Respondent.

----------------------------------------X

MEMORANDUM AND ORDER
08-CV-3830 (JFB)

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner William Anthony Evans (hereinafter "petitioner" or "Evans") brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is currently serving a sentence in New York State prison related to a conviction in state court. The instant petition relates to a future decision regarding the computation of credit for a federal sentence that petitioner has not yet begun to serve, and on which the Bureau of Prisons has not made a determination. For the reasons set forth below, the Court concludes that petitioner's claim is not ripe for review.

## I. Background

Petitioner pled guilty to robbery of a postal employee in federal court on December 7, 1988. At the time, petitioner was already in state custody on a robbery charge. After the federal

---

[1] Although the Court incorrectly described the petition as arising under 28 U.S.C. § 2255 in its Order to Show Cause dated September 22, 2008, both parties agree, as does the Court, that the petition arises under § 2241.

1

conviction, petitioner was returned to state custody and the Marshal Service lodged a detainer against petitioner. However, petitioner was apparently released from state custody on September 29, 1989 and was not given over to the custody of the Marshal Service. On March 8, 1990, petitioner was arrested on state charges and another federal detainer was lodged against him. Finally, on November 25, 1991, petitioner was sentenced on his original postal robbery conviction in federal court in the Eastern District of New York. Specifically, petitioner was sentenced to a term of imprisonment of 40 months and a supervised release term of five years, which was to run consecutively with petitioner's then-pending state sentences.[2] Petitioner has since been sentenced on unrelated state charges and is expected to remain in state custody until at least 2015.

In the instant petition, petitioner argues that he should receive credit on his federal sentence for the time between his erroneous release from state custody on September 29, 1989 and his federal sentencing on November 25, 1991. No determination has been made by the Bureau of Prisons regarding whether such time should not be credited.

II. Statutory Framework

Petitioner brings the instant petition pursuant to 28 U.S.C. § 2241. The Second Circuit has explained that

> Section 2241 . . . is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

---

[2] Petitioner states that he appealed the sentence, though he withdrew the appeal, and filed a 28 U.S.C. § 2255 habeas corpus petition, which was denied in 1995.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997). Although a prisoner can challenge the determination of credit on his federal sentence,

> [t]he Attorney General, through the BOP [(Bureau of Prisons)], possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.

*United States v. Whaley*, 148 F.3d 205, 206-07 (2d Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329, 333, 335 (1992) and *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997)); *see also Pineyro*, 112 F.3d at 45 ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether a defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)); *see also, e.g., DeVivo v. Mance*, No. 08-CV-673(DNH/RFT), 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) ("It is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine whether [petitioner] is entitled to the credit he alleges." (citations omitted)). Thus, in a Section 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the Bureau of Prisons, not to make credit determinations in the first instance.

III. Discussion

A. Jurisdiction

As a threshold issue, respondent argues that this Court lacks jurisdiction to hear the case because petitioner is incarcerated in a state facility within the Northern District of New York. For the reasons set forth below, the Court disagrees.

Under Section 2241, courts may grant habeas petitions only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Furthermore, "longstanding practice confirms that in habeas challenges to *present physical confinement* – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (emphasis added). Thus, when a petitioner challenges the lawfulness of his present physical confinement, "jurisdiction lies in only one district, the district of confinement." *Id.* at 443; *see also, e.g., United States v. Maldonado*, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001); *Kaiser v. United States*, No. 00 CV 5718(LAP), 2001 WL 237382, at *3 (S.D.N.Y. Mar. 9, 2001).

In this case, however, petitioner does not challenge the lawfulness of his present physical confinement in the state correctional system. Instead, petitioner challenges the potential computation of credit with respect to a future federal sentence. A habeas challenge to a future sentence may be brought in the jurisdiction of future custody. *See Padilla*, 542 U.S. at 438 ("[T]he immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement."); *Meadows v. State of New York*, 426 F.2d 1176, 1183 (2d Cir. 1970) ("[Petitioner] does not question the legality of his

4

present detention in the state of Georgia; instead his aim is to secure the withdrawal of a parole detainer lodged against him by the state of New York. The court best situated to grant this relief is a district court located in the state of New York."); *accord Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). In *Braden*, the Supreme Court held that a prisoner incarcerated in Alabama pursuant to an Alabama conviction could bring in the Western District of Kentucky a habeas corpus petition challenging a future state sentence in Kentucky. In *Padilla*, the Court explained its holding in *Braden*:

> [i]n these circumstances, the [*Braden*] Court held that the proper respondent was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged. This made sense because the Alabama warden was not the person who held him in what was alleged to be unlawful custody.

*Padilla*, 542 U.S. at 438 (internal quotation omitted).

In this case, petitioner does not challenge the lawfulness of his present incarceration by the State of New York. Instead, the instant petition relates to the potential computation of credit on a federal sentence imposed in the Eastern District of New York. Attached to the petition is a copy of a detainer from the United States Marshal for the Eastern District of New York requesting that the Marshal be notified when petitioner is to be released from state custody. Therefore, petitioner is "in custody" in the Eastern District of New York for purposes of this habeas petition. *See, e.g., DeVivo*, 2009 WL 2882937, at *5 (holding that, with respect to a petitioner who was incarcerated within the New York State correctional system for a state conviction but who was challenging a future federal sentence, "[w]hile technically not in the physical custody of federal authorities, [petitioner] is, for purposes of the current Petition, considered to be in federal custody" (citing *Meadows*, 426 F.2d at 1179)). Accordingly, the

5

Court does not lack jurisdiction to hear this case based on the location of petitioner's current confinement.

### B. Ripeness

For the reasons set forth below, the Court concludes that the instant petition is not ripe for review.[3]

For claims to be justiciable under Article III, "courts have long recognized that the controversy, as an initial matter, must be ripe." *Kittay v. Giuliani*, 112 F. Supp. 2d 342, 348 (S.D.N.Y. 2000) (citing *Marchi v. Bd. of Cooperative Educ. Servs.*, 173 F.3d 469, 478 (2d Cir. 1999) and *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998)), *aff'd*, 252 F.3d 645 (2d Cir. 2001). Moreover, the Supreme Court has explained that "[r]ipeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and

---

[3] Respondent argues that petitioner has failed to exhaust his administrative remedies. The Court recognizes that "a Section 2241 petitioner must exhaust administrative remedies or, if he can no longer exhaust those remedies, show cause for the default and prejudice resulting therefrom." *Thomas v. Holmes*, 77 F. App'x 538, 541 (2d Cir. 2003) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). However, it is unclear what, if any, administrative remedies are available to petitioner at the present time while he is in state custody. The administrative framework described by respondent, 28 C.F.R. § 542 *et seq.*, "applies to all inmates in institutions operated by the Bureau of Prisons . . . . This Program does not apply to inmates confined in other non-federal facilities." 28 C.F.R. § 542.10(b). Instead, the Court view this issue as being one of ripeness, and denies the petition *sua sponte* on that ground for the reasons discussed *infra*. *See Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) ("Because the 'ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction,' the court can raise it *sua sponte*." (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993))); *see also United States v. Fell*, 360 F.3d 135, 139 (2d Cir. 2004). Of course, once the issue is ripe at the point when petitioner is placed in federal custody and BOP makes the credit determination, petitioner will need to exhaust his administrative remedies before seeking review of the determination in federal court.

its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). Even if a case presents an actual case or controversy, and is thus "constitutionally ripe," it may not be "prudentially ripe" for review. *See Simmonds v. Immigration and Naturalization Serv.*, 326 F.3d 351, 357 (2d Cir. 2003). In deciding whether a case is prudentially ripe for review, courts must consider: "(1) whether an issue is fit for judicial decision and (2) whether and to what extent the parties will endure hardship if decision is withheld." *Id.* (quoting *Abbott Labs.*, 387 U.S. at 148-49).

In this case, petitioner is not yet in federal custody and, apparently, the Bureau of Prisons ("BOP") has not made a determination as to any credits to petitioner's federal sentence. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."). As discussed *supra*, this Court cannot make a credit determination as to petitioner's sentence in the first instance but, rather, can only review a credit determination by BOP. Therefore, in the absence of a BOP determination, there is no case or controversy before this Court, and petitioner's claim is not ripe for review. *See, e.g., Untied States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("There can be no . . . case or controversy until the Attorney General makes a determination [of sentence credit] and [defendant] then seeks judicial review of the determination."); *Osorio v. United States*, No. 98 CIV. 0284(DAB), 1998 WL 160873, at *1 (S.D.N.Y. Apr. 6, 1998) ("Petitioner's claim is . . . not ripe because the BOP has not yet calculated Petitioner's official term of imprisonment.").

Numerous courts have declined to review Section 2241 petitions in similar situations, *i.e.*,

where a petitioner raises issues of credit with respect to future federal custody prior to any credit determination by the BOP. *See, e.g., Crumedy v. United States*, No. 97-41039, 1999 WL 274481, at *1 (5th Cir. Apr. 16, 1999) (unpublished opinion) (affirming denial of habeas petition as premature where BOP had not made crediting determinations regarding the future federal sentence of a current state prisoner); *Simms v. United States*, No. 08-43-HRW, 2009 WL 3061994, at *5 (E.D. Ky. Sept. 21, 2009) ("The Court's Section 2241 habeas jurisdiction is limited to challenges to the BOP's implementation or calculation of a federal prisoner's sentence. However, the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to 'commence' his or her federal sentence within the meaning of 18 U.S.C. § 3585(a). Until that time, the BOP has yet to make any firm or binding determinations regarding the circumstances of the prisoner's confinement."); *DeVivo*, 2009 WL 2882937, at *6 ("Because it is the BOP who decides what credit a federal prisoner will receive, and such computation is made at the time an inmate arrives at his designated federal facility, it has been held that a prisoner must first pursue and exhaust available administrative remedies, prior to seeking collateral relief in district court." (collecting cases)); *Ben v. Mukasey*, No. 08-CV-163-O, 2008 WL 5396300, at *2 (N.D. Tex. Dec. 18, 2008) (holding that habeas petition was "premature" where "[p]etitioner has not received any notices from the Federal Bureau of Prisons regarding the time credited to his federal sentence and he concedes that he is not currently in federal custody"); *Berry v. Sullivan*, Civ. No. 07-5965(JAP), 2007 WL 4570315, at *5-6 (D.N.J. Dec. 26, 2007) (holding that petitioner's claim regarding "his concerns about his future or, at most, his conjecture about BOP's potential refusal to make [the requested] designation" was unripe for review). Thus, because petitioner is not yet in federal custody and, therefore, the BOP

has not made any determination as to what, if any, credit petitioner is entitled to on his federal sentence, petitioner's Section 2241 habeas petition is not ripe for review.

The Court rejects petitioner's argument that no BOP determination is necessary in order for the Court to consider his claim. Specifically, petitioner argues that some of the time between his September 1989 erroneous release from state custody and his November 1991 federal sentencing was spent in state custody on unrelated robbery charges, and that this time in state custody was credited to another state sentence. (*See* Traverse at 7-9.) Petitioner concedes that the Bureau of Prisons may not grant credit for any time that has already been credited against another sentence. *See* 18 U.S.C. § 3585(b); *see also United States v. Wilson*, 503 U.S. 329, 332-33 (1992). Therefore, petitioner argues that because he requests credit for such time, which the BOP cannot credit, no BOP determination is necessary in order for his claim to be ripe. In support of this argument, petitioner cites *United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003) and *Ruggiano v. Rush*, 307 F.3d 121, 134 (3d Cir. 2002), both of which are inapposite. Those cases deal with whether a sentencing court can "adjust" a federal sentence to include time already served on a state sentence. *See, e.g., Lopez v. Terrell*, – F. Supp. 2d –, No. 09 Civ. 8148(RJH), 2010 WL 1133864, at *14 (S.D.N.Y. Mar. 26, 2010) ("The Second Circuit has acknowledged that a [U.S. Sentencing Guidelines] § 5G1.3(b) adjustment functions as a credit for time served, and the only reason it is not actually called a 'credit' is that it is awarded by the Court, not the BOP." (citing *Rivers*, 329 F.3d at 122)). However, petitioner does not bring a collateral attack on the imposition of his sentence pursuant to 28 U.S.C. § 2255 and does not argue that the sentencing court erred in failing to "credit" him for the time he had already served in state

custody.[4] Instead, petitioner brings a Section 2241 petition related to the future computation of credit for that sentence. It is well established, as discussed *supra*, that a determination of credit computation must be made in the first instance by the Bureau of Prisons.

In any event, in addition to a "double credit" for the time petitioner spent in state custody, petitioner is also requesting credit for a period of time when he was not in state custody at all. In particular, as petitioner concedes, he has not already received credit for the time between his erroneous release from state custody on September 29, 1989 and his arrest on March 8, 1990, and, therefore, the BOP could, in its discretion, award petitioner credit for that time. Given the necessity of a future BOP credit determination, as well as the fact that petitioner is expected to remain in federal custody until at least 2015, this Court concludes, as a matter of prudential ripeness, that the issue is not fit for judicial decision and that a delay in adjudication of the requested credit results in no significant hardship to petitioner.[5] *See Simmonds v. Immigration & Naturalization Serv.*, 326 F.3d 351, 359-61 (2d Cir. 2003) (denying Section 2241 petition as prudentially unripe for review, where state prisoner was not eligible for parole until at least 2013 and sought to challenge an INS order of removal, on the grounds that the future parole date as well as the removal order were uncertain and that there was no showing of hardship based on delay).

---

[4] The Court notes that, had petitioner brought the instant petition under Section 2255 to attack his sentence imposed in 1991, the claim would have been time-barred under 28 U.S.C. § 2255(f), absent equitable tolling, and would be a successive petition. *See, e.g., Palacios v. United States*, No. 08-CV-2445, 2009 WL 604597, at *3-5 (E.D.N.Y. Mar. 4, 2009).

[5] The Court notes that petitioner must serve a federal sentence of 40 months in prison. Therefore, even if petitioner now received credit for all of the time he requested in the instant petition, a period of about two years, he would still have to serve substantial prison time on his federal sentence.

## IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is denied. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2010
Central Islip, NY